# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL SHAIN ADAIR, | ) |
| Movant, | ) |
| v. | ) Case No. 4:13CV1463 CEJ |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM

This matter is before the Court on the motion of Michael Shain Adair to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

On July 6, 1993 movant pled guilty to one count of conspiring to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846, and three counts of money laundering, in violation of 18 U.S.C. § 2 and § 1956(a)(1)(b)(I). He was sentenced to a term of imprisonment of 293 months. See United States v. Adair, 4:92CR250 CEJ (E.D. Mo. 1993).

Movant filed a direct appeal of his conviction and sentence; the claims were rejected by the Eighth Circuit court of appeals and his sentence was affirmed. See United States v. Adair, No. 93-3526 (8th Cir. April 6, 1994), cert. denied, 513 U.S. 885 (1994).

On October 31, 1995 movant filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Adair v. United States, No. 4:95CV2065 CEJ (E.D. Mo. 2006). Approximately one year later, Adair moved to dismiss the motion without prejudice, claiming that it had been filed prematurely. The Court granted his request and dismissed the motion without prejudice on October 29, 1996.

Movant filed a second motion to vacate pursuant to 28 U.S.C. § 2255 on October 16, 1997. Adair v. United States, 4:97CV2122 CEJ (E.D.Mo. 2000). The Court denied the motion. The Eighth Circuit denied movant's application for a certificate of appealability and entered its mandate on August 31, 2001. See Adair v. United States, No. 01-1743 (8th Cir. 2001).

In the instant motion, movant claims that the new Supreme Court case of Alleyne v. United States, 133 S.Ct. 2151 (2013), decided in June of 2013, should be retroactively applied to his case in order to reduce his sentence. He claims that his sentence was unlawfully enhanced without notice to him and without any determination by a jury.[1]

The instant motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 and 2255. Section 2255 provides:

---

[1] In Alleyne, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be submitted to the jury.

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Here, movant has not obtained the requisite certification for his motion. Thus, the Court lacks authority under § 2255 to grant relief.

Additionally, the Court finds that movant has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An order of dismissal will accompany this Memorandum.

Dated this 1st day of August, 2013.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE